UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | NO. 2:06-CR-20(05) |
| ) | |
| TIMOTHY COLLINS ) | |

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court to consider the defendant's motion for reduction of sentence pursuant to 18 U.S.C. § 3582(c), based on Amendment 782 to the United States Sentencing Guidelines, which lowers by two levels the base offense level for many drug offenses and which was made retroactive on November 1, 2014. [Doc. 587]. The United States has filed a response arguing that the defendant is not eligible for a reduction in sentence pursuant to 18 U.S.C. § 3582(c) because the defendant's guideline range was based upon his career offender classification, and because Amendment 782 does not reduce the career offender guidelines. [Doc. 590]. This motion will be DENIED.

**I.      Facts**

Following his guilty plea on June 25, 2007, the defendant was convicted of Count One of the the indictment charging him with a conspiracy to distribute and possess with intent to distribute 500 500 grams or more of cocaine in violation of 21 U.S.C §§ 846, 841 (a)(1) and (b)(1)(A), and of Count Two charging him with a conspiracy to distribute and possess with intent to distribute 50 grams or more of cocaine base in violation of 21 U.S.C §§ 846, 841(a)(1) and (b)(1)(A). Pursuant to

Pursuant to a presentence report, based on a total offense level of 34 and a criminal history category category of VI, premised upon his career offender status, Collins's guideline range of imprisonment imprisonment was 262 to 327 months. However, Count One carried a statutory mandatory minimum minimum term of imprisonment of ten years, pursuant to 21 U.S.C. § 841(b)(1)(B), and count two a two a mandatory term of life imprisonment, pursuant to 21 U.S.C. § 841(b)(1)(A). Prior to sentencing, however, the government filed a motion for downward departure based on the defendant's substantial assistance pursuant to 18 U.S.C. § 3553(c). The government's motion was was granted and the defendant was sentenced, on November 20, 2007, to concurrent 228 month terms of imprisonment on Counts 1 and 2. The defendant is currently scheduled for release from the from the custody of the Bureau of Prisons on April 22, 2023.

## II.     Discussion

Under 18 U.S.C. § 3582(c)(2), a district court has discretion to reduce the sentence of a defendant "who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission." Because the defendant was determined to be a career offender under USSG § 4B1.1(a), the defendant's offense level and criminal history category were both determined by reference to Subsection (b) of that guideline, and not the quantity of drugs for which he was held accountable. Consequently, the defendant's guideline range has not been lowered as a result of Amendment 782's reduction to the Drug Quantity Table in Section 2D1.1. See, e.g., *United States v. Thompson,* 714 F.3d 946, 949 (6th Cir.2013) (Court held that previous amendments to drug quantity table did not apply to lower sentence of career offender).

2

**III. Conclusion**

Accordingly, it is hereby **ORDERED** that the defendant's motion for reduction of his sentence is **DENIED.** [Doc. 587]

ENTER:

                                              s/J. RONNIE GREER
                                     UNITED STATES DISTRICT JUDGE