UNITED STATES OF AMERICA      )

      )

v.      )      No. 2:06-CR-20-JRG-MCLC-5

      )

TIMOTHY COLLINS      )

## MEMORANDUM OPINION

This matter is before the Court on Defendant Timothy Collins' Pro Se Motion for Early Termination of Supervised Release [Doc. 701], and the United States' Response in Opposition [Doc. 702]. On June 25, 2007, Mr. Collins pled guilty to one count of conspiracy to distribute and to possess with intent to distribute 500 grams or more of a mixture or substance containing a detectable amount of cocaine, in violation of 21 U.S.C. §§ 846 and 841(b)(1), and one count of conspiracy to distribute and to possess with intent to distribute 50 grams or more of a mixture or substance containing a detectable amount of cocaine base, in violation of 21 U.S.C. §§ 846 and 841(b)(1)(A) [Plea Agreement, Doc. 195, at 1].

The Court sentenced him to 228 months as to Count One, and 228 months as to Count Two to be served concurrently for a total of 228 months' imprisonment [Judgment, Doc. 338 at 2]. Further, the Court sentenced him to a term of 8 years of supervised release as to Count One, and a term of 10 years of supervised release as to Count Two to be served concurrently for a total term of 10 years of supervised release [*Id*. at 3]. Subsequently, Mr. Collins' sentence as to Count Two was reduced pursuant to the First Step Act to 166 months' imprisonment and a term of 8 years of supervised release [Order, Doc. 632, at 1]. Mr. Collins now moves the Court for early termination of his term of supervised release, which began on June 21, 2019.

In support of his motion, Mr. Collins provides that he has remained a "law abiding citizen" since his release, has held a steady job since his release, and that he will remain a law-abiding

citizen [Def. Mot., Doc. 701]. It is important to note that Mr. Collins is being supervised in the Eastern District of New York, and that the United States Probation offices in both the Eastern District of New York and the Eastern District of Tennessee have responded to Mr. Collins' motion accordingly. Both offices note that there have been no known compliance issues during Mr. Collins' nearly six years of supervised release, and that he has seemingly adjusted well to supervised release. The United States Probation Office for the Eastern District of Tennessee has no specific objection to the early termination of Mr. Collins' supervised release; however, both the Eastern District of New York and the United States oppose Mr. Collins' motion due to his classification as a career offender.

As an initial matter, the Court recognizes that Mr. Collins has performed and adjusted well during his term of supervised release and commends him for his efforts. However, compliance with supervised release terms does not guarantee early termination of supervision. *See United States v. Campbell*, No. 05-6235, 2006 WL 3925588, at *1 (6th Cir. July 25, 2006) (recognizing that early termination of supervised release requires "exceptionally good behavior" (quotation omitted)); *United States v. Whitehouse*, No. 3:08-CR-185, 2016 WL 3951146, at *1 (E.D. Tenn. July 20, 2016) ("[M]ere compliance with the requirements of supervision is not a sufficient reason to shorten [the defendant's] term of supervised release."); *United States v. McKay*, 352 F. Supp. 2d 359, 361 (E.D.N.Y. 2005) (acknowledging that a defendant's re-assimilation into pre-incarceration life is "commendable" but is "expected of a person on supervised release" and therefore "do[es] not constitute the 'exceptional behavior' contemplated in the precedents"); *United States v. Caruso*, 241 F. Supp. 2d 466, 469 (D.N.J. 2003) ("[M]ere compliance with the terms of probation or supervised release is what is expected of probationers, and without more, is insufficient to  justify early termination." (citations omitted)). Rather, the decision to terminate

a defendant's supervised release lies exclusively in the Court's discretion. *United States v. Atkin*, 38 F. App'x 196, 198 (6th Cir. 2002). Once a defendant has completed one year of his term of supervised release, the Court may—in its discretion—terminate the remainder of that term if, after considering the relevant factors under 18 U.S.C. § 3553(a), "it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." 18 U.S.C. § 3583(e)(1).

Having considered the relevant factors under § 3553(a), which the Court need not address in detail, the Court is not satisfied that Mr. Collins' conduct and the interest of justice warrant early termination of his supervision. *See United States v. Suber*, 75 F. App'x 442, 444 (6th Cir. 2003) (rejecting the argument that a district court, when denying a request for early termination, has to provide more than a general statement of its reasons under § 3553(a)'s factors); *see also United States v. Peters*, 856 F. App'x 230, 233, 234–35 (11th Cir. 2021) (recognizing that a "district court's order [denying early termination] must demonstrate that it considered the[] factors [under § 3553(a)], but it need not explain how each factor applies or explicitly state that it considered them," and then affirming the district court's denial of early termination because the district court had "consider[ed] . . . the relevant § 3553(a) factors" and "weighed each piece of evidence [the defendant] submitted in support of terminating his supervised release—including family letters"); *United States v. Lowe*, 632 F.3d 996, 998 (7th Cir. 2011) (stating that a district court need only "give some indication that it has considered the statutory factors in reviewing a motion for early termination of supervised release," rather than make explicit findings under those factors); *United States v. Gammarano*, 321 F.3d 311, 315–16 (2d Cir. 2003) ("[A] statement that [the district judge] has considered the statutory factors is sufficient." (quotation omitted)).

Mr. Collins' instant offenses, conspiracy to distribute and to possess with intent to distribute over 500 grams of cocaine and over 50 grams of cocaine base, are sufficiently serious to warrant his continued supervision. *See United States v. Dilg*, 726 F. App'x 368, 371 (6th Cir. 2018) ("We have categorically labeled drug offenses as serious." (citing *United States v. Moss*, 217 F.3d 426, 431 (6th Cir. 2000))); *United States v. Stone*, 608 F.3d 939, 947 n.6 (6th Cir. 2010) ("To be sure, drug trafficking is a serious offense[.]" (citations omitted)); *see also* 18 U.S.C. § 3553(a)(2)(A) (requiring courts to take into account "the seriousness of the offense"); *cf. Suber*, 75 F. App'x at 444 (affirming the district court's denial of the defendant's request for early termination partly because his "heroin distribution and conspiracy to distribute heroin was sufficiently grave to warrant continued supervised release").

Additionally, Mr. Collins' history of controlled substance offenses weighs in favor of his continued supervision. The United States is correct in noting Mr. Collins' classification as a career criminal, as review of the record shows that he has a total of five previous controlled substance offenses, two of which are considered predicate offenses for his status as a career offender. As a result, the Court finds that continuation of Mr. Collins' supervision is necessary to promote respect for the law, deter him from engaging in further criminal conduct, and protect the public from any further instances of criminal conduct. Therefore, Mr. Collins' motion for early termination of supervised release [Doc. 701] is **DENIED**.

So ordered.
ENTER:

s/ J. RONNIE GREER
_____
UNITED STATES DISTRICT JUDGE
